In re MILLS TEA & BUTTER CO.

(District Court, D. Massachusetts. June 28, 1916.)

No. 23020.

1. BANKRUPTCY ☞248—APPRAISER—DUTY OF APPRAISERS.

Appraisers appointed to value the property of a bankrupt should make a reliable inventory, especially where the receivers are operating the business, and their fees should be paid on the basis of a careful and reliable inventory.

[Ed. Note.—For other cases see Bankruptcy, Dec. Dig. ☞248.]

2. BANKRUPTCY ☞248—APPRAISERS—FEES—AMOUNT.

Three appraisers appointed to value the property of a bankrupt corporation which had 30 stores scattered through four states, arranged, one of the appraisers being already familiar with the properties, that at least one other of the appraisers should visit each of the stores. The plan was carried out, and the appraisals made on that basis. *Held* that an award of $250 apiece was not clearly excessive.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ☞248.]

In Bankruptcy. In the matter of the bankruptcy of the Mills Tea & Butter Company. Objections by the trustee to the allowance of appraisers' fees. Allowance of referee affirmed.

See, also, 235 Fed. 813, 815.

Edmund A. Whitman, of Boston, Mass., for creditors.

Edward A. Thurston, of Fall River, Mass., and Frank L. Brier, of Boston, Mass., appraisers, pro se.

MORTON, District Judge. [1] As to the "appraisers' fees": The record is exceedingly meager, containing substantially only the referee's certificate and the bills and schedules submitted by the appraisers. The first question is as to the nature of the receivership appraisal, the trustee contending that it should be little more than a formality and should be paid for on that basis. There are decisions which give support to this view. The point has never arisen in this district. It seems to me that when property is to be administered through the bankruptcy court, it is highly desirable to have a reliable inventory at the earliest possible date; and I think this is especially true where receivers are operating a business. An official inventory which is not to be relied on involves obvious possibilities of danger, and may be worse than useless. In assuming that they were to make a careful and accurate inventory, the appraisers were right; and they are to be paid on that basis.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[2] Even so, if the case were an ordinary one, I should agree with the trustee that the allowance was plainly excessive; but it is not an ordinary case. Here are some 30 stores scattered through four different states. Mr. Wall was already familiar with them. The two other appraisers arranged that one of them should visit each of the stores, so that at least two appraisers might have first-hand knowledge of every store. This plan was carried out; and each of the separate stores was examined by the appraisers sufficiently for them to form a general idea of the stock and business carried on there, and its value.

Although the amount allowed to the appraisers by the referee, $250 apiece, seems large, I am unable, upon the record before me, to say that it is plainly excessive; and it is affirmed.